**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| TANNER R. PATTERSON, # 623106, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:25-cv-01420 |
| | ) |
| DAVIDSON COUNTY SHERIFF'S | ) JUDGE CAMPBELL |
| OFFICE, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Tanner Patterson, who is in custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se complaint alleging violations of his civil rights. (Doc. No. 1).

### I.      FILING FEE

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

1

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, 20 percent of the greater of – (a) the average monthly deposits to Montgomery's account; or (b) the average monthly balance in Montgomery's account for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

2

## II.   REQUESTS FOR COUNSEL

Plaintiff has filed two Requests for Appointment of Counsel. (Doc. Nos. 5, 6). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604−05 (6th Cir. 1993) (quotation marks and citations omitted). "Whether exceptional circumstances exist depends on the type of case and the plaintiff's ability to represent [himself]. In turn, this involves an assessment of the complexity of the factual and legal issues involved in the case." *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023) (citations omitted).

Here, Plaintiff asserts that he is indigent and cannot afford attorney fees. (Doc. Nos. 5, 6). He further asserts that he has limited access to the law library, and "there [are] a lot of motioins and subpoenas that [he] wish[es] to file that [he has] no idea on how to pursue." (Doc. No. 5).

These circumstances are not so exceptional as to warrant the appointment of counsel in this case. The allegations in Plaintiff's complaint—that jail staff confiscated his property without cause and without providing a confiscation form—are straightforward. (*See* Doc. No. 1). Plaintiff has demonstrated that he can set forth the facts of his complaint in a logical, coherent pleading. It thus appears that Plaintiff is able to represent himself at this stage of proceedings.

The Requests for Counsel (Doc. Nos. 5, 6) are therefore **DENIED** without prejudice. The Court will conduct an initial review of Plaintiff's complaint in due course. *See* 28 U.S.C. § 1915A. If, at a later stage of proceedings, Plaintiff believes the appointment of counsel becomes necessary, he may renew his request for counsel.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3